# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK PHILLIP LAY | CIVIL ACTION |
| VERSUS | NO. 09-3349 |
| THE MEDICAL STAFF, ET AL. | SECTION "C" (1) |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Mark Phillip Lay, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against "the Medical Staff" and Dr. French. Plaintiff claims that he has received inadequate medical care at the St. Tammany Parish Jail.

Noting that it was a non-entity appearing solely for the purposes of filing the motion, "the Medical Staff" filed a motion to dismiss on the ground that it is an improper defendant.[1] Plaintiff was ordered to file a response in opposition to that motion,[2] but he has filed no such opposition.

As correctly noted in the motion, "the Medical Staff" is not a distinct, juridical entity capable of being sued. See Verrette v. Stalder, Civ. Action No. 07-9202, 2009 WL 411196, at *3 (E.D. La. Feb. 13, 2009); Charles v. Sheriff Orleans Parish Marlin Gusman, Civ. Action 06-0053, 2006 WL 2604613, at *6-7 (E.D. La. Sept. 6, 2006); Mondello v. Bossier Parish Sheriff's Office, Civ. Action No. 04–2609, 2006 WL 1985407, at *4 (W.D. La. June 16, 2006) (Hornsby, M.J.) (adopted by Hicks, J., on July 13, 2006). To the extent that plaintiff wishes to sue members of the medical staff, he must identify the individuals sued by name. See, e.g., August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008) ("[C]laims against ... unidentified defendants

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 11.

fail to state a claim for which relief can be granted and are otherwise frivolous."); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the unopposed motion to dismiss be **GRANTED** and that plaintiff's claims against "the Medical Staff" be **DISMISSED WITH PREJUDICE**.[3]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of September, 2009.

  **SALLY SHUSHAN**
  **UNITED STATES MAGISTRATE JUDGE**

---

[3] This Report and Recommendation neither addresses nor affects plaintiff's claim against Dr. French. At least at this point, that claim should be allowed to proceed.